**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL BANKOFF,** | : | **Civil No. 3:11-CV-1754** |
| | : | |
| **Petitioner,** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **LT. HAAS, et al.,** | : | |
| | : | |
| **Respondents.** | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

In this pleading, styled as an "Emergency Motion for Writ of Mandamus," a federal prisoner seeks to invoke a venerable form of relief, a writ of mandamus, to compel prison officials to take specific actions on his behalf in what are an unusual set of circumstances. The petitioner in this case, Michael Bankoff, is a federal inmate housed at the Federal Correctional Institution–Allenwood. On September 21, 2011, Bankoff filed a *pro se* "Emergency Motion for Writ of Mandamus." (Doc. 1)

This mandamus petition recites that "in August of 2011 Lt. Hass unlawfully placed Michael Bankoff in ambilatory [sic] restraints and furthermore placed the restraints on improperly." (Id.) Having been restrained in this fashion by prison officials, Bankoff then candidly acknowledges that he initially turned to self-help to

address his situation. According to Bankoff: "Due to the belly chain being excessively tight, Bankoff sawed the link." (Id.)

Bankoff's decision to "saw[] the link" on his ambulatory restraints led to a predictable outcome: "[Bankoff] was placed in four point [restraint]s[1]." (Id.) "Furthermore, this was done improperly causing injury." Bankoff alleges that as a result prison officials "left me four pointed, unnecessarily for fourteen hours." (Id.) Reciting this background, Bankoff's "Emergency Motion for Writ of Mandamus" then urges the Court to use its mandamus jurisdiction to "order the prison to follow the rules." (Id.)

Along with this complaint, Bankoff has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2) For the reasons set forth below, we will GRANT this motion for leave to proceed *in forma pauperis* (Doc. 2) but recommend that the petition for writ of mandamus be denied without prejudice to allowing Bankoff to attempt to correct the deficiencies noted in these pleadings by filing an amended complaint seeking other, more appropriate, form of relief.

---

[1]Four point restraints are limb restraints which typically immobilize all four limbs of the body.

## II. Discussion

### A. Inmate Case Screening Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly,

550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In sum, Bankoff's pleadings must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Applying these standards, we find that these pleadings, in their present form, are subject to summary dismissal, and we recommend that the Court find that allegations in the *pro se* emergency motion for writ of mandamus fail to state a claim upon which extraordinary mandamus relief can be granted.

**B. <u>Bankoff is Not Entitled to Mandamus Relief</u>**

At the outset, it is clear that Bankoff is not entitled to mandamus relief. A petition for writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in a federal statute, 28 U.S.C. § 1361, which provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Writs of mandamus compelling government officials to take specific actions, are extraordinary forms of relief, which must comply with demanding legal standards. Thus, it is well-settled that "The writ is a drastic remedy that 'is seldom issued and its

use is discouraged.' " In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000), (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)). Thus, as a general rule:

> There are two prerequisites to issuing a writ of mandamus. [Petitioners] must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable. See In re Patenaude, 210 F.3d 135, 141 (3d Cir.2000); Aerosource, Inc. v. Slater, 142 F.3d 572, 582 (3d. 1988).

Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003).

Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' " Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996) (quoting Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir.1987)). See Ararat v. District Director, ICE, 176 F. App'x. 343 (3d Cir. 2006). Therefore:

> Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). See also Stehney, 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

Stanley v. Hogsten 277 F. App'x. 180, 181(3d Cir. 2008).

As one court has aptly observed when describing the precise and exacting standards which must be met when a petitioner invokes the writ of mandamus:

> The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34,(1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power'" will justify issuance of the writ. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (quoting Will v. United States, 389 U.S. 90, 95(1967)); see also In re Leeds, 951 F.2d 1323, 1323 (D.C.Cir.1991). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." In re Medicare Reimbursement Litigation, 414 F.3d 7, 10 (D.C.Cir.2005) (quoting Power v. Barnhart, 292 F.3d 781, 784 (D.C.Cir.2002)); see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate, 471 F.3d 1341, 1350 (D.C.Cir.2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.' " Power v. Barnhart, 292 F.3d at 784 (quoting Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C.Cir.1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. See, e.g., Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); Weber v. United States, 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

Carson v. U.S. Office of Special Counsel, 534 F. Supp. 2d 103, 105 (D.D.C. 2008).

In the past, petitioners, like Bankoff, have frequently turned to the writ of mandamus to try to compel components of the United States Department of Justice to take some specific action. These petitions have been many and varied in their forms, embracing wildly diverse disputes, but one consistent theme throughout these cases has been that the courts rarely such embrace mandamus requests. See e.g., Priskanin

v. Doe, 349 F. App'x 689 (3d Cir. 2009)(denying mandamus request that FBI protect former alleged informant); Stanley v. Hogsten, 277 F. App'x 180, 181(3d Cir. 2008) (denying federal inmate mandamus request for law book); Ararat v. District Director, ICE, 176 F. App'x 343 (3d Cir. 2006)(denying prisoner mandamus request to remove detainer); Beckley v. Miner, 125 F. App'x 385 (2d Cir. 2005)(denying mandamus request for prison transfer); Leonhard v. Mitchell, 473 F.2d 709 (2d Cir. 1973)(denying mandamus request for disclosure of whereabouts of witness protection program witness); Sloan v. Troung, 573 F.Supp.2d 823 (S.D.N.Y. 2008)(denying mandamus request for Department of Justice to intervene in Chess Board election); Saini v. Heinauer, 552 F. Supp. 2d 974 (D. Neb. 2008)(denying mandamus request to order FBI to expedite fingerprint processing of petitioner, an applicant for naturalization); Carson v. U.S. Office of Special Counsel, 534 F. Supp. 2d 103,105 (D.D.C. 2008) (denying mandamus petition to compel the Office of Special Counsel to prepare and produce a report). These cases, which consistently decline to apply the drastic and extraordinary remedy of mandamus, all recognize that the work of the Department of Justice routinely entails the exercise of discretion by government officials. Since the decisions made by Department of Justice officials often entail significant exercises of discretion, it rarely can be said that these judgments involve such "a clear nondiscretionary duty," Stanley v. Hogsten , 277 F. App'x at 181, that

mandamus may lie compelling some specific form of governmental action. Similarly, federal courts have rarely found that a writ of mandamus is the proper legal prescription for dictating to prison officials the manner in which they should provide care or treatment to inmates. See e.g., Miller v. Lappin, No. 09-12, 2009 WL 166873 (W.D. Va. Jan. 26, 2009)(denying mandamus); Barnhill v. Cherry, No. 06-922, 2008 WL 759322 (M.D. Fla. March 20, 2008)(denying mandamus); United States v. McAllister, 969 F.Supp. 1200 (D. Minn. 1997)(denying mandamus).

These principles apply with particular force to the complaints advanced by Bankoff. At bottom, Bankoff's pleadings seem to allege that prison officials have used excessive force against him in violation of the Eighth Amendment to the United States Constitution. Analysis of excessive force claims entails a multi-faceted assessment of a series of discretionary choices by prison officials. Eighth Amendment excessive force claims require a showing of some subjective intent to injure. In an excessive force case, that showing is made where "prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley[v. Albers, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The issue of whether excessive force was used by prison staff is

often a factual determination which turns on the unique facts confronting prison officials, and can only be determined as a matter of law when "it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain." Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley, 475 U.S. at 322). There are several considerations, each of which goes to the exercise of discretion by prison staff, that a court must examine in determining whether a correctional officer has used excessive force in violation of the Eighth Amendment. These considerations include: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" Id. at 106.

In this case, Bankoff's complaint in mandamus invites this Court, in the guise of a mandamus action, to forbid prison officials from employing specific disciplinary techniques and procedures on Eighth Amendment grounds. Yet, a writ of mandamus may only issue if the plaintiff has a clear right to relief and the defendant has a clear duty to act, and "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' " Appalachian States Low-Level

Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996). Therefore, inherent in a request for mandamus is "a showing [by the moving party] that 'its right to issuance of the writ is clear and indisputable.' Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus, therefore, is not an appropriate remedy." Carson v. U.S. Office of Special Counsel, 534 F.Supp.2d 103, 105 (D.D.C. 2008). Since Bankoff's petition, at bottom, seeks to use a writ of mandamus to dictate the exercise of discretion in the discipline of an inmate, this request to compel particular course of discipline by writ is inappropriate and must be denied. Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).

In this case, without the inclusion of some further well-pleaded factual allegations, the assertions made in this petition for writ of mandamus appear to be little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. at 1979. We recognize, however, that in civil rights cases *pro se* petitioners often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, while Bankoff's pleadings fail as a petition for writ of mandamus,

there is some indication that Bankoff may also wish to seek other relief, in the form of damages or declaratory relief. Bankoff should not be wholly foreclosed from seeking this other relief. Accordingly, it is recommended that the Court deny this petition for mandamus, but provide the plaintiff with an opportunity to correct the deficiencies in these *pro se* pleadings by dismissing this deficient petition for writ of mandamus without prejudice to allowing Bankoff to attempt to correct the deficiencies noted in this these pleadings by filing an amended complaint seeking other more appropriate forms of relief in a manner which complies with the rules governing civil actions in federal court.

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for leave to proceed *in forma pauperis* be GRANTED (Doc. 2), but that the plaintiff's pleading be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written

objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of September, 2011.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge